### 3140. KING *v.* THE STATE.

HILL, C. J. 1. In the exercise of his statutory right, the accused is authorized to make any statement to the jury in his defense that he may deem necessary, and, so long as he confines himself to the transaction under investigation, this right can not be restricted by the trial judge. This does not mean, however, that the accused can occupy the time of the court in making wholly irrelevant statements, entirely inapplicable to the case; and the judge, in his discretion, can interrupt him when he is doing so, and instruct him to confine his statement to the case. *Coxwell* v. *State*, 66 *Ga.* 309.

2. No material error of law appears, and the verdict is fully supported by the evidence.                    *Judgment affirmed.*

DECIDED AUGUST 4, 1911.

Accusation of carrying concealed weapon; from Early superior court—Judge Worrill. December 21, 1910.

*Glessner & Park,* for plaintiff in error.

*J. A. Laing,* solicitor-general, *R. R. Arnold,* contra.

RUSSELL, J., dissenting. I do not dissent from the clear statement of the abstract principle announced by Chief Justice Hill in the first paragraph of the decision, but I differ from my associates as to its applicability to the facts appearing in the present record. We all agree in the assertion of the general principle that the defendant has the right to make just such statement as he may see proper in his own behalf, yet that there are some instances in which the court is not only authorized, but may be required, to interfere with the defendant's going into matters entirely disconnected with the trial. However, many facts which might not be competent or relevant as testimony might corroborate a defendant's statement or tend to prove its truth. For instance, a man prosecuted for carrying a concealed pistol, as this defendant was, might be able to impress the jury more strongly with the truthfulness of his denial that the pistol was concealed by going into a detailed account as to why he had the pistol at all, and the purpose for which he was carrying it, or by detailing circumstances which would lead a reasonable mind to conclude that it was incredible that under the circumstances he could have had a pistol at all, if (as in the present instance) he denied having a pistol altogether. I think that the statement which the court prevented the accused from making falls within this rule. The reasons why, in my judgment, the law intended that the utmost liberality should be allowed the defendant

in the making of a statement are set forth in *Richardson* v. *State*, 3 *Ga. App.* 313 (59 S. E. 916).