## 15022.  CHANCE *v.* THE STATE.

1. The fact that the judge twice interrupted the defendant while making his statement to the jury, and gave him the instructions of which complaint is made in special grounds 1 and 3 of the motion for a new trial, does not require a reversal of the judgment.
2. Under all the facts and circumstances of this case the court did not err in giving to the jury the excerpts from the charge of which complaint is made in special grounds 2 and 4 of the motion for a new trial.
3. There is ample evidence to support the verdict.

DECIDED JANUARY 16, 1924.

Indictment for embezzlement; from Fulton superior court—Judge Humphries. August 4, 1923.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. 1. The first special ground of the motion for a new trial alleges that the "defendant during his statement used the following language: 'Gentlemen, I have been tried once before on this very same charge, not in the courts of Fulton county, but by three hundred and forty something men of the city, in the masonic room.' The trial court at this point interrupted the statement of the defendant by making the following statement to the defendant: 'You needn't refer to anything that happened in the lodge. That is immaterial to the case. You must leave that out.' Movant contends and alleges that this interruption by the trial court of defendant's statement was contrary to the rule of law which allows each and every person who comes on trial under a criminal charge the privilege of making to the court and jury such statement in the case as he may deem proper in his defense."

We cannot agree with counsel for the plaintiff in error that this interruption by the court was reversible error. A case containing a point quite similar to the one now under consideration is that of *Vincent* v. *State*, 153 *Ga.* 278 (112 S. E. 120). In the opinion in that case Justice Hines said (p. 293) : "In the tenth ground of this amendment it is urged that the court erred in interrupting the defendant while making his statement, under the circumstances which will now be stated. After the defendant had stated, 'We tried this case once before, tried it last August. We had twelve men on the jury like we have this afternoon,' the court interrupted him and said, 'Don't go into what occurred last August; that is no part of this case.' The defendant then whispered to the judge that he was going to state that the jury (on the previous trial) stood eleven to one for his acquittal. The court then stated that he could not make that statement. It is insisted that this ruling deprived the defendant of his right to make such statement as he deemed proper in his own defense, and that he had a right to do this without being restricted or governed by the rules controlling the admissibility of evidence. The prisoner has 'the right to make to the court and jury such statement as he may deem proper in his defense.' Penal Code, § 1036. The court may so far control his statement as to prevent long, rambling and irrelevant matter. Yet as to all matters connected with the case he may make such statement as he thinks proper, and should not be restricted to stating such facts as would be admissible in evidence. *Coxwell* v. *State*, 66 *Ga.* 309 (5) ; *Hackney* v. *State*, 101 *Ga.* 512, 519 (28 S. E. 1007) ; *Richardson* v. *State*, 3 *Ga. App.* 313 (59 S. E. 916). While considerable latitude has been allowed the defendant in making his statement, he has never been allowed to state matters wholly irrelevant, or such as would be violative of every rule of evidence. *Montross* v. *State*, 72 *Ga.* 261 (4 *a*), 266 (53 Am. R. 840) ; *Howard* v. *State*, 73 *Ga.* 83 (2). The judge may interrupt the defendant when he makes irrelevant statements, and instruct him to confine his statement to the case. *King* v. *State*, 9 *Ga. App.* 609 (71 S. E. 943). While the presiding judge, in the exercise of a sound discretion, can require the accused to omit from his statement reference to entirely irrelevant matters, it is not contemplated by our law that he should be embarrassed and circumscribed by the rules which control the admissibility of evidence. *Hackney*

v. *State*, supra; *Tiget* v. *State*, 110 *Ga.* 244 (34 S. E. 1023). How the jury stood on the former trial of this case was wholly irrelevant to the present trial. It could throw no light whatever on the issue being tried."

In *King* v. *State*, 9 *Ga. App.* 609 (71 S. E. 943), this court held: "In the exercise of his statutory right, the accused is authorized to make any statement to the jury in his defense that he may deem necessary, and, so long as he confines himself to the transaction under investigation, this right cannot be restricted by the trial judge. This does not mean, however, that the accused can occupy the time of the court in making wholly irrelevant state-ments, entirely inapplicable to the case; and the judge, in his dis-cretion, can interrupt him when he is doing so, and instruct him to confine his statement to the case. *Coxwell* v. *State*, 66 *Ga.* 309." See *Nero* v. *State*, 126 *Ga.* 555 (55 S. E. 404). Under the rulings in the foregoing cases the court did not err in interrupting the defendant and in instructing him that he "need not refer to any-thing that happened in the lodge. That is immaterial to the case. You must leave that out." ·

(*a*) The 3d special ground of the motion for a new trial alleges that while the defendant was making his statement to the jury he referred to certain evidence of a witness for the State, which he characterized as a "contemptible falsehood." This ground of the motion shows that "at this point the trial court interrupted the statement of the defendant with the following command: 'Don't use that word contemptible any more, just make your statement and state facts and leave out epithets.'" This is alleged to be error. We do not think that this interruption and statement by the court required the grant of a new trial, especially as the court ruled out nothing and allowed the accused to state his version of what occurred between the witness and himself. The record shows that in his statement the accused characterized the evidence of the witness as "a falsehood," and also as "a contemptible false-hood."

2. The court did not err in giving to the jury the following charge: "The defendant in his statement made some reference to being a member of a fraternal order. The court instructs you that it is your duty as jurors, acting fairly and impartially between the State and the accused, not to be influenced in any manner whatso-

ever by that. Whatever may or may not have been done by any fraternal order, whether he is a member of a fraternal order or not, has nothing to do with the case, and the fact that he made reference to it in his statement should not influence you in any way whatsoever. You take this case as upright, intelligent, impartial jurors, acting fairly and impartially between the State and the accused, seeking the truth of this matter, and you let your verdict speak the truth as you find the truth to be." See, in this connection, *Atlantic & Birmingham Ry. Co. v. Bowen*, 125 *Ga.* 460 (3) (54 S. E. 105); *McTyier v. State*, 91 *Ga.* 254 (6) (18 S. E. 140); *Beck v. State*, 76 *Ga.* 452 (5); *Green v. Hines*, 25 *Ga. App.* 206 (102 S. E. 899).

(*a*) The court did not err in instructing the jury as follows: "An officer or agent of a corporation cannot take money of a corporation entrusted to him, or in his possession by virtue of his official relation or agency, and use it temporarily for his private benefit and avoid criminal responsibility by calling it a loan. The law calls such a transaction a wrongful conversion, from which a fraudulent intent can be inferred, provided the jury believe that such fraudulent intent actually existed." This charge is substantially in the language used by this court in the case of *Mangham v. State*, 11 *Ga. App.* 427 (1) (75 S. E. 512).

3. There is ample evidence to support the finding of the jury, which has the approval of the judge who tried the case, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*