23637.   CURTIS *v.* THE·STATE.

DECIDED DECEMBER 18, 1933.

*E. H. George,* for plaintiff in error.
*Claude C. Smith, solicitor-general,* contra.

GUERRY, J.   ■   It is earnestly contended by counsel for the plaintiff in error that because the defendant in this case was arrested on a warrant sworn out on the 17th day of September, 1931, charging him with the offense of abandonment of a child born September 16, 1931, any evidence tending to show that the defendant continued his refusal to support and care for said child up to the time of the finding of the indictment was inadmissible. The indictment was a special presentment found at the January term of the superior court, and the indictment alleged that on the 4th day of January, 1932, the defendant committed the offense. It was insisted that evidence showing the continuation of the abandonment from the time of the swearing out of the warrant on September 17, 1931, to

the time of the finding of the indictment was inadmissible, for the reason that what the defendant did or failed to do after the arrest under the warrant was inadmissible. We can not agree with this contention. If an accusation had been preferred based on the affidavit on which the warrant was issued, there might be some ground for the contention. The indictment, however, expressly alleges that the offense was committed on the 4th day of January, 1932, and hence such evidence is admissible. The case of *Shealey* v. *State,* 16 *Ga. App.* 191, is clearly distinguishable. In that case the *accusation* was based on a warrant sworn out the preceding year. The evidence offered there was in respect to an offense committed since the affidavit was sworn out. The offense charged was the carrying of a concealed weapon. Each time the weapon is carried, it is a separate offense, and not a continuing one. The offense of abandonment is a continuing one. "The act of desertion and the attempt to throw off all parental obligation are necessary component parts of the offense. The continued refusal to provide for the support of the child after the actual desertion takes place is necessary to complete the offense, but it alone is not an offense under the statute." *Gay* v. *State,* 105 *Ga.* 599. In the *Gay* case, supra, it was held that after a father's conviction of the offense of abandonment he may not again be convicted of the offense of abandonment, unless he shall have again taken up his parental duties and is guilty of another act of desertion. A plea of autrefois convict was sustained by the ruling of the Supreme Court. "The abandonment is something more than 'leaving them in a dependent and destitute condition.' It means the forsaking and desertion of the children; the refusal of the father to live where they are domiciled, and to perform the duties of a parent to his offspring. If he abandons them in this manner in this State, and leaves them dependent and destitute, the offense is complete." *Jemmerson* v. *State,* 80 *Ga.* 111. "Abandonment, as a criminal offense, contains two essential ingredients: separation from the child, and failure to supply its needs. The offense is not complete until there is a conjunction of these two ingredients, as mere absence from one's child is not of itself a criminal offense." *Phelps* v. *State,* 10 *Ga. App.* 41. Persistence in the abandonment is essential, as well as the original act of abandonment. The first act may be complete, but it is a continuing act as to the second ingredient. In *Bull* v. *State,* 80 *Ga.* 704, Bleckley,

C. J., said: "That a father begins to abandon his child some months before it is born will not excuse him for persisting in the abandonment and failing to furnish it with the necessaries of life." As was said in the *Phelps* case, supra, "From this language we think it is clearly to be inferred that the Supreme Court recognizes the act of abandonment as being a continuous act." The two elements of the offense are: first, the desertion, an act of the father; and second, dependence, a condition of the child. In the *Phelps* case, supra, it was contended that, the act of desertion having occurred some years previously, the offense was barred by the statute of limitations. Such defense was denied by this court. The affidavit which was the basis of the warrant is not and was not necessary to the indictment returned, which was a special presentment. For no reason assigned did the court err in admitting evidence as to a continuation of the abandonment up to the time of filing the indictment.

■ A motion to continue was made on account of absence of a material witness. It was shown that the witness had been subpœnaed but had failed to come to the trial. The trial judge offered to have an attachment issued and to send for the witness, and defendant's counsel refused to have this done. It is contended that the taking of an attachment and bringing a witness to court would make him a hostile witness to the defendant. We can not agree that the use of the duly constituted machinery of the court to compel the attendance of a witness will tend to make him perjure himself when he is brought to the witness stand. To so hold would do violence to the procedure of our courts and our own concept of right action. The defendant's refusal to use the means offered him by the court to compel the attendance of such witness makes harmless the alleged error in refusing to continue the case until another term of the court on account of the absence of the witness. Upon a motion being made for such continuance it can not be said that the offer on the part of the court in the presence of the jurors to issue attachment for the witness, and its declination by the defendant, impressed the jurors that the defendant did not "really wish the witness present." The court did not err in overruling the motion for continuance.

■ There is no merit in the 5th ground of the motion for a new trial, that the trial judge interrupted the defendant in his statement and told him that it was improper for him to bring in irrele-

vant matter. It is well settled by adjudications of the Supreme Court and of this court that although the defendant in making his statement to the jury is not circumscribed by the ordinary rules of evidence, he may be restricted from narrating facts wholly irrelevant to the case. The fact that the prosecutrix's sister had recently had a baby and the defendant was not accused of being its father could have no bearing on this case, and the trial judge did not err in so restricting him. See, in this connection, *Loyd* v. *State*, 45 *Ga.* 57; *Cullins* v. *State*, 148 *Ga.* 17; *Edenfield* v. *State*, 40 *Ga. App.* 251; *Montrose* v. *State*, 72 *Ga.* 261; *Howard* v. *State*, 73 *Ga.* 83; *Spear* v. *State*, 45 *Ga. App.* 241; *Chance* v. *State*, 31 *Ga. App.* 543; *Vincent* v. *State*, 153 *Ga.* 278; *King* v. *State*, 9 *Ga. App.* 609; *Denmark* v. *State*, 44 *Ga. App.* 157.

■ The 6th and 7th grounds of the motion for a new trial are without merit. The conduct of the prosecutrix in tearing up the paper handed her by counsel was decidedly unusual, and may have been very reprehensible, and the trial court would have been warranted in punishing the witness for contempt. It does not appear that the defendant or his counsel made any effort to show what the paper so destroyed contained, or that for any reason the defendant had been injured thereby. It does not appear that the paper was material, or that its contents would have benefited the defendant by being introduced in evidence. If destroyed, parol evidence would have been admissible to show its content. No such evidence was offered. It would seem to us that such conduct on the part of the prosecutrix was more likely to have prejudiced the jury against herself than against the defendant. The evidence amply supports the verdict, and, no errors of law appearing, the judgment is

*Affirmed. Broyles, C. J., and MacIntyre, J., concur.*