26239. BIRDSONG *v.* THE STATE.

DECIDED MAY 5, 1937.

*A. B. Conger,* for plaintiff in error.

GUERRY, J. ■ In this State one accused of crime has the "right to make to the court and jury such statement in the case as he may deem proper in his defense." Code, § 38-415. In making his statement the defendant is not to be circumscribed by rules of evidence, and thus is not to be confined to the statement of facts which legally will acquit him of the crime charged. *Skinner* v. *State,* 13 *Ga. App.* 370 (2) (79 S. E. 181); *Coxwell* v. *State,* 66 *Ga.* 309 (5); *Richardson* v. *State,* 3 *Ga. App.* 313 (2) (59 S. E. 916); *Woodall* v. *State,* 4 *Ga. App.* 783 (62 S. E. 485). And while the judge may prevent the defendant from stating to the jury wholly irrelevant matter, or may rule the same out and instruct the jury to disregard it (*Montross* v. *State,* 72 *Ga.* 261 (4), 53 Am. R. 840; *Howard* v. *State,* 73 *Ga.* 83 (2); *King* v. *State,* 9 *Ga. App.* 609, 71 S. E. 943; *Chance* v. *State,* 31 *Ga. App.* 543, 121 S. E. 139; *Vincent* v. *State,* 153 *Ga.* 278 (4), 112 S. E. 120; *Curtis* v. *State,* 48 *Ga. App.* 135 (3), 172 S. E. 199; *Tiget* v. *State,* 110 *Ga.* 244 (2), 34 S. E. 1023; *Loyd* v. *State,* 45 *Ga.* 57 (8); *Denmark* v. *State,* 44 *Ga. App.* 157, 161 S. E. 286), yet the judge should not instruct the defendant to confine himself to the statements of facts "in defense" of the charge made against him, and instruct the jury that they "should disregard all of defendant's statement except that which was in direct rebuttal to the charge of wife-beating." The reason for this ruling is obvious. Under our statute a defendant should be accorded the right to state any fact which might tend to affect the credibility of any witness testifying against him, although such fact might not be strictly "in defense" of the charge made against him, or in "direct rebuttal to the charge of wife-beating," as in the present case. The defendant attempted to state to the jury that shortly before the time he was alleged to have assaulted the prosecutrix (his wife) he had been forced by her father, at the point of a gun, to marry her in the State of Florida, because he and the prosecutrix had had sexual intercourse. The defendant had introduced witnesses to show that after the prosecutrix came to Georgia with him she became dissatisfied, and also introduced evidence that at the times and places testified to by the prosecutrix he had not

made any assault on her. Whether or not the fact the defendant was not permitted to state to the jury would have been beneficial to him, as affecting the credibility of the prosecutrix in the eyes of the jury, in view of the other evidence introduced by defendant, can not be determined as a matter of law; but we think the defendant should have been allowed to state it for what it might have been worth.

The fact that the judge had refused to allow counsel for defendant to cross-examine the prosecutrix as to these facts was no reason why the defendant should not be allowed to state them. A defendant in making his statement to the jury is not bound by rules of evidence as are witnesses. From what has been said we are of the opinion that the judge committed error, and that a new trial should be had.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*