29689. KUTZCHAN *v.* THE STATE.

DECIDED OCTOBER 9, 1942.

*F. Joe Turner* and *Frank A. Bowers,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MacIntyre, J. B. R. Kutzchan excepted to a judgment overruling his certiorari after conviction in the criminal court of Fulton County of larceny of two pieces of copper pipe, the property of Southern Railway. The certiorari was on the general grounds and two special grounds, but the general grounds are not argued in the brief filed on behalf of the defendant and are to be treated as abandoned. The only questions before the court are those raised by the special grounds.

1. The defendant contends that the court erred in permitting Spivey to testify as follows: "I am foreman of the pipe department on Doane Street shop, Southern Railway. . . On the 23rd day of March, 1941, or the 24th day of March, 1941, I saw some pipes that were alleged to have been stolen from the Southern Railway from my department. This is my department where it was stolen from. . . I had checked it up a week before. I went back and checked the engine." Q. "Did you go back and check the engine it came off of?" A. "Yes, sir. I have been checking it off and on. I have been losing pipe for three months." Defendant's counsel: "I object to it as not being responsive, irrelevant and immaterial and prejudicial, what he was losing." We do not think the admission of the answer of the witness that he had been checking it off and on because he had been losing pipe for three months was reversible error for the reason assigned. The answer went to corroborate the statement that he had checked the engine relatively to the part of the pipe in question; and this explanation lent force and effect to his testimony and tended to indicate that the fact probably was that the pipe was missing as testified by the witness. If we should concede that the testimony was unresponsive and irrelevant, it is not of such a character that its admission would require a new trial for the reason assigned. This ground is not meritorious. *Aycock* v. *State,* 62 *Ga. App.* 812, 818 (10 S. E. 2d, 84).

2. The defendant began his statement to the jury with the following: "Gentlemen of the jury, I am not guilty. If I would have been guilty I would have pleaded guilty in the police court and paid a $12 fine in police court, and they not bind me over. I am not guilty. So I came over and decided to get a jury of

five men to decide about it. If I was guilty, what would you want to go to any place on Sunday afternoon and steal anything for? I am not guilty. What would I want to steal anything like that for, without I could have sold it? I had been there five years with the Southern Railroad, in and out of there, and some nights I stayed all night. I have never been accused of taking nothing, and if I had, I would not have took no pipe where everybody could have seen me. I got a locker full of tools, wrenches and drills, and all of that. I would not just grab up fifty cents worth of copper pipe on Sunday afternoon, and if I got it, go and throw it down and go back there and stand on the railroad track and wait until the detectives came, and, what I am talking about, why didn't the detectives get the pipe?" The Court: "If you want to make a statement go ahead, and don't argue the case. Tell them what you did that Sunday."

The alleged theft was on Sunday. The defendant contends that the court "in interrupting, interfering with, and rebuking petitioner violated the following section of the Code of Georgia, to wit: 'In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense.'" It is not contemplated by law that the defendant shall be embarrassed and circumscribed by rules which control the admissibility of evidence. "While considerable latitude has been allowed the defendant in making his statement, he has never been allowed to state matters wholly irrelevant, or such as would be violative of every rule of evidence." *Vincent* v. *State,* 153 *Ga.* 278, 293 (112 S. E. 120). The part of the statement above, which the judge was referring to, seems to us to have been argumentative, and to have stated no matter or matters relatively to the case. The defendant's argument threw no factual light on the issue being tried, and no light on the fact at issue to which the statement of the defendant should have been directed. So the court did not err in interrupting the defendant and telling him that he could not argue his case, but to go ahead and make his statement to the jury. *Curtis* v. *State,* 48 *Ga. App.* 135 (172 S. E. 99), and cit. We do not think the defendant understood the judge as confining his statement to any particular day, as contended by the defendant. We think the judge was trying to help the defendant, at least to the extent that

he get down to his contention about the issues in the case—something that would make out his defense, instead of dealing with matters of argument, which, if proper, could be handled by his counsel, and was improper to be included in the defendant's statement. We think it is clear, and was so understood by the defendant at the time, that the ruling of the judge in the premises in no way restricted the defendant, except that he was in no way to argue the case.

The judge did not err in overruling the certiorari.

*Judgment affirmed. Broyles C. J., and Gardner, J., concur.*