### 29925. ROBERSON *v.* THE STATE.

DECIDED MAY 22, 1943. REHEARING DENIED JUNE 17, 1943.

*M. F. Stinchcomb,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, Lindley W. Camp, solicitor,* contra.

BROYLES, C. J. H. T. Roberson was convicted in the criminal court of Fulton County of being an accessory after the fact to robbery. His certiorari was overruled by a judge of the superior court, and that judgment is assigned as error. While the petition for certiorari contains several assignments of error, only two are argued in the brief of counsel for the plaintiff in error, the others not being mentioned or insisted upon in the brief. These two are: that the defendant's conviction was not authorized by the evidence; and that the venue of the offense was not proved.

"An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it, and harbors, assists, or protects the person charged with or convicted of the

crime." Code, § 26-604. While the statute requires "full knowledge" in cases of this kind, it is sufficient for the State to show that the accused had actual knowledge of facts which would give him good reason to believe that the person harbored or assisted by him was guilty of the felony. 22 C. J. S. 167, § 96, note 16. This ruling in principle is in accord with the Georgia law relating to the offense of accessory after the fact to a theft (known as receiving stolen goods). "On the trial of one indicted for receiving stolen goods, it is not error to charge, in effect, that guilty knowledge is essential to a conviction of the accused, but that such knowledge may be inferred from circumstances which would, in the opinion of the jury, lead a reasonable man to believe that the goods were stolen." *Birdsong* v. *State*, 120 *Ga.* 850 (3), 852-854 (48 S. E. 329); *Williams* v. *State*, 16 *Ga. App.* 697 (6) (85 S. E. 973). In *Waldrop* v. *State*, 47 *Ga. App.* 849 (171 S. E. 840), headnote 3 reads as follows: "While knowledge is of the essence of the offense of receiving stolen goods, knowing them to be stolen, yet such knowledge need not necessarily be proved by direct testimony, but may be shown by circumstances, such as the defendant's conduct and behavior, the character of [the] person from whom the goods were received, the kind of goods and the hour when received." Furthermore, "where the knowledge or intent with which an act is done constitutes an element of a criminal offense, it is ordinarily impossible to prove the actual mental state of the defendant, the prosecution being only required to show the ability and opportunity to know. . . One can not refrain from following up a clue, for fear of discovering the truth, and then shield himself behind such intentional ignorance." *Rivers* v. *State*, 118 *Ga.* 42 (2, 3) (44 S. E. 859).

The evidence showed the following facts: Albert Tucker, Howard Rice and Donald Self, on January 3, 1942, at about 1:30 a. m., robbed Harold Klasser of about $400 and a metal safe; the robbery occurred in the Imperial Hotel on Ivy Street in Atlanta, Fulton County, Georgia; the robbers carried off the money and the safe in an automobile; at about 3 or 3:30 o'clock on the same morning policeman of Fulton County found the three robbers and the defendant together in the defendant's automobile, which the defendant was driving; a chop axe, a pistol, a quilt, and pieces of letterheads and envelopes with the name of the Imperial Hotel on

them, were in the car; the safe was found some distance away, about 100 yards from the intersection of Pace's Ferry Road and Howell Mill Road; the defendant admitted that he carried the three men in his car to the said intersection, but denied that he carried the safe there or that he knew anything about the robbery, stating that he was a taxicab operator and that on the night in question, at about 3 a. m., the three men approached him on Techwood Drive and gave him $5 to drive them out on Pace's Ferry Road beyond Nancy's Creek and to bring them back to Atlanta; Donald Self, soon after his arrest, escaped and is still at large, while Tucker and Rice pleaded guilty to the robbery and were convicted. Upon the trial now under review Tucker and Rice testified that the defendant had nothing to do with the robbery, that he and the other two robbers carried the safe out, where the officers found it, in another automobile, and that they afterwards gave the defendant $5 to drive them back to where they had left the safe. The evidence further authorized the jury to find that the pistol found in the defendant's car belonged to a Mr. Driskell, and that the defendant obtained it by robbing Driskell in Cumming, Georgia, on December 22, 1941. In our opinion the evidence, direct and circumstantial, authorized the jury to reject the defendant's statement to the jury and to disbelieve the testimony of the two self-confessed robbers, and to find the defendant guilty.

The only other question is whether the venue of the offense was sufficiently shown by the evidence. The undisputed evidence shows that the offense of robbery was committed in Fulton County, Georgia, and that a few hours later the robbers and the defendant were found together near the stolen safe by policemen of that county, who were driving a two-way radio automobile. Furthermore, Albert Tucker, one of the robbers, testified that he and the other two robbers "carried the safe out on the other side of North Fulton Park *in the county* (italics ours) and left it in the woods." That testimony alone authorized the jury to find that "in the county" meant Fulton County. "When all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved." *Womble* v. *State*, 107 *Ga.* 666 (3) (33 S. E.

630); *Hays* v. *State,* 25 *Ga. App.* 591 (103 S. E. 730). The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. Certain language in the opinion on the question of venue is withdrawn. However, the evidence in the case "strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere." Therefore, as held in *Womble* v. *State,* and *Hays* v. *State,* cited in our opinion, the venue was sufficiently proved. The cases cited by the movant are distinguished by their particular facts from this case.     *MacIntyre and Gardner, JJ., concur.*