## 30436. JAMES *v.* THE STATE.

DECIDED NOVEMBER 29, 1944. REHEARING DENIED DECEMBER 13, 1944.

868

*Joe Hill Smith, Linton S. James,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

BROYLES, C. J. (After stating the foregoing facts.) ■ The indictment set out a cause of action, and the special demurrer was without merit.

■ The contentions of the defendant were that he had been employed as an attorney at law by Mrs. Pilgrim to represent her husband, Lonnie Pilgrim, who had been indicted for an attempt to commit rape; that he did represent him; that Pilgrim was convicted; that subsequently Mrs. Pilgrim gave him $100 to secure

some person to sign a supersedeas bond to obtain Pilgrim's release from jail; that he diligently endeavored to obtain some one to sign such a bond, but failed to do so; that Mrs. Pilgrim owed him a fee larger than $100, and that he retained the $100 as part of the fee and so told her; that after she demanded the return of the money, she told him that he could keep $50 of the money as part of his fee if he would return the other $50 to her, but that he refused to do so and retained the $100. These contentions were supported by some evidence and by the defendant's statement to the jury. However, the evidence for the State authorized the jury to find that Mrs. Pilgrim had never employed the defendant to represent Lonnie Pilgrim or herself; that she owed no fee to the defendant; that the defendant told her, after Lonnie Pilgrim's conviction, that if she would give him $100 he would pay some or all of it to some person to sign a bond for Lonnie Pilgrim, and that *if he failed to procure the bond he would return the $100 to her.*

The evidence, while in acute conflict, authorized the verdict, and the court did not err in overruling the general grounds of the motion for new trial. The case of *McJenkin* v. *State,* 62 *Ga. App.* 321 (7 S. E. 2d, 812), cited by the defendant, is distinguished by its facts from this case. Special ground 4 complains of the refusal to grant a motion for a continuance of the case. On the hearing of the motion the defendant testified that he had three material witnesses who were absent, all of whom were in the armed services of the United States, that two of them were outside of the United States, and the other's whereabouts was unknown; that all of the witnesses were without the jurisdiction of the court, and that none of them had been subpœnaed; that on the former trial of this case (which resulted in a mistrial) he had not subpœnaed any of these witnesses and they were not present at that trial. "The witness being in the United States Army, there was no reason to expect that he would be present at the next term of the court." *Barlow* v. *State,* 24 *Ga. App.* 122 (99 S. E. 798). Furthermore, the defendant failed to allege in his motion or to testify upon the hearing thereof that he expected the absent witnesses to be present at the next term of the court, or that the motion was not made for delay. The showing for a continuance was therefore incomplete. *Sutton* v. *State,* 70 *Ga. App.* 499 (28 S. E. 2d, 663); *Farmer* v. *State,* 95 *Ga.* 498 (20 S. E. 494); *Evans* v. *State,* 167 *Ga.* 261, 263 (145 S. E. 512).

Special ground 5 complains that Mrs. Pilgrim was allowed to testify about a promissory note that she signed when she borrowed from a bank the $100 which she gave to the defendant, the objection being that the note itself was the highest evidence. The ground is without merit. "Where a matter is collateral to the real issues, and it comes in question, and proof of it is admissible, it may be shown by parol evidence, and need not be established by documentary evidence." 1 Wharton's Criminal Evidence, 390, § 154; *Hyde* v. *State,* 70 *Ga. App.* 823, 828 (29 S. E. 2d, 820). Special grounds 6, 7, 8, and 9 allege that the court erred in unduly restricting the defendant's cross-examination of Mrs. Pilgrim. These grounds are without merit for they show that the court allowed a thorough and searching cross-examination of that witness as to matters pertinent to the issues of the case and the court did not err in so confining it. In *McNabb* v. *State,* 70 *Ga. App.* 798 (29 S. E. 2d, 643), the headnote reads: "The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court unless abused. There was no abuse of discretion in this case."

Special ground 10 alleges that when the State closed its evidence and rested, the defendant stated: "I have a motion, if your Honor please," and that the judge replied: "Let the motion be noted and overruled." And that the defendant then said: "I would like it to be made out of the presence of the jury." We think that the remark of the court was error, but that under the facts of the case it was insufficient to require a reversal of the judgment. The defendant did not state what his motion was. A lawyer would probably have surmised that it would be a motion for a directed verdict for the defendant, but we can not assume such assumption on the part of the jury. Furthermore, it appears from special ground 11 that the court thereafter had the jury to retire, and allowed the defendant to make his motion for a directed verdict in their absence. Special ground 11 complains of the court's refusal to direct a verdict for the defendant, and of the court's statement that a failure to direct a verdict is never error.

It is true that in the opinion in *McJenkin* v. *State,* supra, this court said: "Mr. Wharton, in discussing larceny, says: 'Where property is taken under a claim of right, if this claim be bona

fide and fair, the court should direct an acquittal.' 2 Wharton's Criminal Law, 1345, § 1121." Whatever may be the rule in other jurisdictions, it is well-settled law in Georgia by numerous decisions of the Supreme Court and this court that the refusal to direct a verdict is never error; and this court in the *McJenkin* case did not hold otherwise, but merely held that McJenkin's conviction "was not authorized and a new trial should have been granted." In the present case the evidence as to the defendant's guilt was conflicting and was a question for the jury, and the refusal to direct a verdict was not error.

Special grounds 12 to 16, inclusive, complain "that the court erred in attempting to confine the defendant's statement to the issues in the case." The statement occupies 28 pages of the record and contains much matter wholly irrelevant to the issues of the case. The statement further impugned the integrity of the assistant solicitor-general who was prosecuting the case, and that of the presiding judge, and alleged that they had been intentionally unfair to him during the trial. The grounds show that the court did attempt to prevent the defendant from talking about matters wholly irrelevant to the issues of the case and from arguing the case to the jury. In *Vincent* v. *State,* 153 *Ga.* 278 (112 S. E. 120), headnote 4 reads: "The judge may interrupt the defendant when, in making his statement, he is stating wholly irrelevant facts, and instruct him to leave out such facts, and confine his statement to the case." To the same effect see *Montross* v. *State,* 72 *Ga.* 261 (4 a) (53 Am. R. 840); *King* v. *State,* 9 *Ga. App.* 609 (71 S. E. 943); *Curtis* v. *State,* 48 *Ga. App.* 135 (3) (172 S. E. 99); *Kutzchan* v. *State,* 68 *Ga. App.* 121 (2) (22 S. E. 2d, 410). We do not think that any of these grounds show that the court abused its discretion in attempting to properly confine the statement to relevant matters.

Special grounds 17, 18, and 19 complain of the admission of certain testimony. The testimony was in rebuttal of portions of the defendant's statement and was properly admitted.

Special ground 20 complains of the admission in evidence of a certain check on the ground "that there was no evidence by the State that the defendant ever received any money from the check." The ground is not complete and understandable within itself, in that it fails to show how or in what way the check was connected

with the case. Furthermore, the check is not described in the ground and no copy thereof is set out therein or attached as. an exhibit thereto.

Special ground 21 complains of the court's refusal to have the court reporter read from his notes certain evidence to the jury. The ground is without merit. In *Compton* v. *State,* 179 *Ga.* 560 (176 S. E. 764), headnote 6 reads: "It was not cause for a new trial that the court refused a request of the jury to have read to them testimony of a witness and the statement of the accused, previously given at the present trial." In the instant case the request came from the defendant, and not from the jury.

Special grounds 22 and 23 were expressly disapproved by the trial judge, and therefore can not be considered by this court.

Special ground 24 alleges that the court erred in allowing the case to go to the jury because the date of the alleged conversion by the defendant was not shown by the evidence. The ground is without merit. It was shown by the defendant's receipt that he received the $100 in question on the following date "7/2/40," which, of course, meant July 2, 1940. The evidence showed that the demand for the return of the money was made after that date and before the indictment was returned on May 27, 1941.

Special ground 25 alleges that the venue of the offense was not shown by the evidence. Mrs. Pilgrim testified that she gave the money to the defendant in Fulton County, Georgia, and thereafter demanded the money from him in his office, and the defendant admitted that he had the money in his possession on the date of his trial. "Evidence authorizing a finding that in the county named in the indictment the accused was entrusted with money, and that .afterwards he fraudulently converted it to his own use, is sufficient to warrant a finding that the conversion took place in that county, when there is no evidence that he ever left the county or that the conversion was made elsewhere." *McCoy* v. *State,* 19 *Ga. App.* 32 (2) (90 S. E. 737); *Bowen* v. *State,* 16 *Ga. App.* 179 (2) (84 S. E. 793). In the instant case the venue was sufficiently shown by the evidence.

The denial of a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*