### 31213.   GATES *v.* THE STATE.

Decided May 10, 1946.

*J. O. Ewing, Wesley R. Asinof,* for plaintiff in error.

*E. E. Andrews, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

GARDNER, J. The court judicially knows that the superior court of Fulton County embraces Fulton County only. The instant case shows that the trial was conducted at the county site

in the courthouse in Fulton County, and that "downstairs" from the floor on which the defendant was making his statement was in Fulton County, Georgia. The grand jury is but an arm of the superior court of Fulton County, which sits within the county. See Code, §§ 24-2609, 24-3001, 24-3003. In *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630), it was said: "When all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved." See *Hays* v. *State,* 25 *Ga. App.* 591 (103 S. E. 730); *Attaway* v. *State,* 64 *Ga. App.* 319 (13 S. E. 2d, 99); *Wardlow* v. *State,* 66 *Ga. App.* 575 (18 S. E. 2d, 571); *Roberson* v. *State,* 69 *Ga. App.* 541 (26 S. E. 2d, 142); *James* v. *State,* 71 *Ga. App.* 867 (32 S. E. 2d, 431).

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*