31727. PRICE *v.* THE STATE.

GARDNER, J. 1. The defendant assigns error on the judgment of the superior court overruling and dismissing his certiorari. The defendant was acquitted in the Criminal Court of Fulton County on an accusation which charged "that the defendant communicated to a named virtuous female by writing obscene and vulgar language and [an] improper proposal." In the trial of that case the State failed to show that the female in question was virtuous. Subsequently thereto, a charge was brought against the defendant for soliciting another for the purpose of prostitution. To the last charge the defendant filed a plea of former jeopardy on the ground that it was the same transaction and also filed demurrers both general and special. The same judge of the criminal court tried the two cases. He ruled against the plea of former jeopardy, and overruled the demurrers. The defendant was convicted on the second accusation.

2. The first accusation was drawn under Code § 26-6303, which provides in part, "any person who shall communicate to any virtuous female within this State by writing or printing any obscene or vulgar language . . shall be guilty of a misdemeanor." The second accusation was founded on the provisions of the Code, § 26-6201, which provides: "Who-

ever shall solicit another for the purpose of prostitution . . ." It will thus be observed that the offenses in the two sections are essentially different. Counsel for the plaintiff in error contends that because the two cases are based on the same transaction that after having been acquitted under Code § 26-6303, he could not again be placed on trial for the offense under Code, § 26-6201. With this we cannot agree. In *Howell* v. *State,* 28 *Ga. App.* 501 (111 S. E. 676), this court held: "Upon the trial of one charged with using obscene, profane, and vulgar language in the presence of a female, a special plea in bar by the defendant that he was acquitted at a prior term of the court of the charge of being in an intoxicated condition upon a public street or highway, 'said drunkenness and intoxication being caused by the excessive use of wines, brews, liquors, and opiates, and was made manifest by boisterous and indecent condition and acting and by vulgar, profane, and unbecoming language and loud and violent discourse, and that both charges grew out of one and the same transaction, and that he has already been placed in jeopardy,' is without merit, and was properly stricken on motion of the State." Also, see *Johnson* v. *State,* 36 *Ga. App.* 108 (135 S. E. 519), to the following effect: "A former acquittal of the charge of public indecency will not bar a prosecution for being drunk at a place of public gathering or assembly. This is true although the evidence for the State may be the same in both cases. The offenses are separate and distinct. The evidence necessary to convict one of public indecency would not necessarily be sufficient to convict him of being drunk, and vice versa. 'The true rule is, if the evidence required to convict under the first indictment would not be sufficient to convict under the second indictment, but proof of an additional fact would be necessary to constitute the offense. charged in the second, the former conviction or acquittal could not be pleaded in bar to the second indictment.' *Blair* v. *State,* 81 *Ga.* 629 (2-a) (7 S. E. 855); *Collier* v. *State,* 8 *Ga. App.* 371 (2) (69 S. E. 29)." · The grounds of the demurrer are the same as were urged in the case of *Gower* v. *State,* 71 *Ga. App.* 127 (30 S. E. 2d, 298). The decision in that case is adverse to the contentions of the attorneys for the defendant.

3. It is further contended that it is not within the purview of the statute under which the defendant was convicted, a crime, to solicit a prostitute for the illicit purposes of such solicitor; that the meaning of the word "prostitute" in the statute contemplates that the solicitation of the solicitor be for others than himself. In a subsequent statute (Ga. L. 1943, pp. 568, 570; Code, Ann. Supp., § 26-6205), the legislature said: "The term 'prostitution' as used in this law shall be construed to include the offering or giving of the body for sexual intercourse, sex perversion, obscenity and/or lewdness for hire." If it is the rule that if there can be gathered from a subsequent statute which is in pari materia the meaning of the legislature attached to the words of a former statute, such amounts to a declaration of the meaning that would be given the first statute. See, in this connection, *Barron* v. *Terrell,* 124 *Ga.* 1077 (53 S. E. 181), as follows: "If it can be gathered 'from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration

of its meaning and will govern the construction of the first statute.' Citing U. S. v. Freeman, 3 How. 556." In *Wingfield* v. *Kutres,* 136 Ga. 345, 349 (71 S. E. 474), the Supreme Court said: "In construing statutes, subsequent acts of the legislature on the same subject may be considered." In *Forrester* v. *Continental Gin Co.,* 67 Ga. App. 119, 129 (19 S. E. 2d, 807), the court said: "It is a well-established rule of construction that the meaning of one statute may be arrived at by a consideration of a subsequent act of the legislature on the same subject." It therefore follows, from what we have said, that "prostitution" as used in our statute does not necessarily involve indiscriminate illegal intercourse with a number of men.

4. The attorney for the defendant assigns error because the court refused certain requests to charge. They were to the effect that the judge should charge the jury that prostitution embodied the element of indiscriminateness. In view of what we have said above, the court correctly refused these written requests. This is true notwithstanding the numerous foreign authorities cited on behalf of the defendant which we will not mention. We could easily as well cite numerous authorities and equally as convincing foreign authorities which sustain the position of our appellate courts. All of these, we think, are beside the question when our legislature has defined the term "prostitution" in this State.

5. Another assignment of error is that while the defendant was making his statement, after having been instructed by the court as to his rights under the law pertaining to such a statement, he stated in effect that he had been tried once on this case and found not guilty, whereupon the court interrupted the defendant; that was a question of law for the court and not the defendant to state. While the defendant has the right to make such statement to the jury as he thinks proper, he is not permitted to go into irrelevant things. So far as the defendant's statement was concerned, this remark was wholly irrelevant and under numerous decisions of this court this issue had been passed on by the court and was a question of law for the court and not a question of fact for the jury. See *Spear* v. *State,* 45 Ga. App. 241 (164 S. E. 109); *Curtis* v. *State, 48 Ga. App.* 135 (172 S. E. 99); *James* v. *State,* 71 Ga. App. 867 (2) (32 S. E. 2d, 431). There are other decisions to the same effect.

6. The evidence on the general grounds is amply sufficient to sustain the verdict.

Judge Almand, of the Superior Court of Fulton County, we think in concise and convincing language, under the record of this case, properly overruled the certiorari, and in conclusion we quote his opinion here: "Order overruling the certiorari:

"1. The trial judge did not err in overruling the demurrers to the accusation. See *Gower* v. *State,* 71 Ga. App. 127.

"2. The trial judge did not err in sustaining the demurrer of the State to the plea of former jeopardy. *Thomas* v. *State,* 24 Ga. App. 350; *Howell* v. *State,* 28 Ga. App. 501; *Collier* v. *State,* 8 Ga. App. 371.

"3. This accusation under which the petitioner was prosecuted and convicted was drawn under §26-6201 of the Code of 1933. That section does not define the word 'prostitution.' However, the legislature in 1943 (Acts of 1943, p. 568, Pocket Supp. to the Code, section 26-6205) in

a statute dealing with the subject of prostitution did define that term as 'to include the offering or giving of the body for sexual intercourse, *sexual perversion,* obscenity and/or lewdness for hire.' (Underscoring ours). It is thus seen that the term as defined by the legislature does not mean solely sexual intercourse in the natural way, but that the term prostitution includes solicitation of carnal intercourse in an unnatural way. The rule is that, if it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of the former statute, that amounts to a declaration of its meaning and would be given the construction in the first statute. *State* v. *Justices,* 15 *Ga.* 408, 411, 412; *Lane* v. *Morris,* 10 *Ga.* 162, 173; *Wingfield* v. *Kutres,* 136 *Ga.* 345, 349, and *Forrester* v. *Continental Gin Company,* 67 *Ga. App.* 119, 129. It is, therefore, our opinion that under the evidence in this case the conviction was authorized for soliciting another for the purposes of prostitution. Therefore, it is ordered that the certiorari be and is hereby overruled."

The court did not err in overruling the certiorari for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 1, 1947.

*Alton T. Milam, T. O. Hathcock, Gordon A. Smith, E. B. Judge,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelly, Solicitor, J. W. LeCraw,* contra.