35639. DRURY *v.* THE STATE.

DECIDED APRIL 18, 1955—REHEARING DENIED MAY 4, 1955.

*G. B. Cowart,* for plaintiff in error.
*Jack J. Lissner, Jr., Solicitor, Thomas E. Spell,* contra.

36

TOWNSEND, J. ■ The defendant in his statement to the jury denied having had relations with the prosecutrix, and further related that "my father told me that, when he told Mr. Bibbs [father of the prosecutrix] that I had been discharged from the Marines and was coming home, Mr. Bibbs told him that, if he would pay him one hundred dollars, he would settle the case." Error is assigned on the first special ground on the following charge of the court: "[You are] not to consider any conversation alleged to have been had between the defendant and his father, in which it is claimed that Mr. Bibbs told defendant's father that, if he would pay him $100, he would drop the case against defendant; that such a statement is hearsay, immaterial, and irrelevant to any of the issues involved in this case."

The trial judge, in his order denying the motion for a new trial, states that this question is controlled by *Howard* v. *State*, 73 *Ga.* 83 (2), and with this we are constrained to agree. The *Howard* case holds to the effect that a defendant on trial for making improper advances and lewd remarks to a woman may be restrained by the court from stating to the jury that the prosecutor offered to stop the prosecution if he would pay him a sum of money for that purpose, this being a matter immaterial to the guilt or innocence of the accused. In both cases the person offering to settle the case was a relative of the woman allegedly wronged; in both there was an offer to settle for a sum of money as a basis for compromising or quashing a criminal proceeding. In the *Howard* case the prosecutor made the offer, and made it to the defendant; here it does not appear that the prosecutrix knew of or sanctioned the offer, and it was made to a person other than the defendant. If, therefore, the statement in the *Howard* case was subject to be disallowed on the ground of immateriality, it follows that the statement here was even more subject to that criticism. It has frequently been held that, while the right of the defendant to make his statement to the jury should be liberally exercised, long and rambling statements concerning irrelevant matter may be excluded. *Chance* v. *State*, 31 *Ga. App.* 543 (121 S. E. 139) ; *Vincent* v. *State*, 153 *Ga.* 278 (112 S. E. 120) ; *Montross* v. *State*, 72 *Ga.* 261 (53 Am. R. 840) ; *Birdsong* v. *State*, 55 *Ga. App.* 730 (1) (191 S. E. 277) ; *Spear* v. *State*, 45 *Ga. App.* 241 (1) (164 S. E. 109) ; *Curtis* v. *State*,

48 *Ga. App.* 135 (2) (172 S. E. 99). As this court is bound by the oldest case, the *Howard* decision is controlling to the effect that such a statement by a defendant in a criminal proceeding is irrelevant and immaterial, so as to come under the rule allowing the trial court to exclude that portion of the statement from the jury's consideration, although, in view of the great liberality generally accorded to defendants in making unsworn statements, it would appear that from a standpoint of consistency the rule should be otherwise. The trial court, therefore, did not err in instructing the jury to disregard this portion of the statement.

However, this statement was not objectionable on the ground that it was hearsay, as the court also charged. One of the earliest cases construing Code § 38-415 relative to such statements (*Coxwell* v. *State*, 66 *Ga.* 309 (5)), holds as follows: "The judge confined the prisoner within the limits prescribed for witnesses. This does not meet the broad and liberal purpose which the legislature intended to accomplish. He is not allowed to come as *a witness;* he comes as *a prisoner,* charged with crime; he does not appear to give *testimony;* he appears to make *a statement*— a right far higher than the narrow limits which confine and guard against hearsay and conclusions. . . It was never contemplated that he should be embarrassed and circumscribed by the strict rules of law which control the admissibility of evidence." In *Stanley* v. *State*, 9 *Ga. App.* 141, 145 (70 S. E. 894), it was held that "this court is not prepared to state, under the broad and unlimited provisions of the statute relating to the statement of the accused, that the jury would not be authorized to consider even hearsay statements made by the accused in his own defense, especially if such hearsay statements in any manner tend to illustrate the quo animo with which the particular act was done." However, the court having instructed the jury to disregard the portion of this statement for a proper reason, it is immaterial that he also instructed them to disregard it for an improper one.

■ Special grounds 2 and 3 deal with alleged newly discovered evidence that the prosecutrix was not a virgin, was of pornographic tendencies, and once stated to a classmate that she didn't know whose baby it was, but she was going to blame it on the defendant. Such testimony would go only toward impeaching

the credibility of the witness. It is well settled that newly discovered evidence purely impeaching in character does not demand the grant of a new trial. *Knight* v. *State,* 59 *Ga. App.* 450 (1) (1 S. E. 2d 223); *Lemming* v. *State,* 61 *Ga. App.* 605 (1) (7 S. E. 2d 42).

Counsel for the defendant relies on *Graham* v. *State,* 86 *Ga. App.* 896 (73 S. E. 2d 46), as authority that, even though the evidence is impeaching in character, it may be ground for the granting of a new trial where it is obvious that a different verdict would likely result. It must be borne in mind that the fact that, although such newly discovered evidence is to some extent cumulative and impeaching in character, it may still require the grant of a new trial provided it is apparent that a different verdict would likely result, and provided further that it sets forth a new and independent fact indicating the defendant's innocence. Here the prosecutrix testified on the stand that the defendant was the father of her baby. The newly discovered evidence only depicts her as a person of immoral character and discloses a prior contradictory statement made by her. The newly discovered evidence therefore is purely impeaching in character, and is not such as to require the grant of a new trial as a matter of law.

Since none of the amended grounds of the motion shows reversible error, and the general grounds have been abandoned, the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*