## CHRISTIAN *et al. v.* WAHL.

The evidence was sufficient to authorize the verdict, and the trial judge being satisfied therewith, this court will not interfere with his judgment refusing a new trial.

May 1, 1889.

New trial. Evidence. Verdict. Before Judge WELLBORN. Lumpkin superior court. October term, 1888.

Christian Wahl brought his bill against Thomas Christian and Wofford Christian, and afterwards R. J. Castleberry was made a party defendant. The bill showed that the complainant was the owner of lot of land 662 in the 12th district and 1st section of Lumpkin county; that the lot was valuable mainly for its gold deposits; that complainant bought it and paid for it a large sum, and was mining on it for gold; that it lies broadside, east of lot 599, in the same district and section, which latter lot is claimed by Thomas Christian; that the defendants, under pretence of mining on Christian's lot, have crossed over complainant's line and are taking gold from his lot in large quantities; that these acts of trespass are irreparable; that Thomas and Wofford Christian are insolvent; that the true line between the lots is that line which has been known and recognized by coterminous proprietors, and which is still traceable by marked trees, and was traced out by one Dexter, surveyor of Lumpkin county, (the point of beginning of the line and the manner in which it extends and ends being stated); that the corner where this line ended was standing until it was recently destroyed by one of the defendants and others, or by their procurement; and that this line was substantially the

same as recently marked out by Childers, county surveyor, under the direction of processioners. Complainant prays that the line as so shown may be established as the true line between the lots; that he may have an accounting for the gold taken from his lot; and for perpetual injunction, restraining defendants from further digging for ore thereon.

The defendants answered, denying that they were working on complainant's lot; claiming that the mine they were working was on lot 599; that the ownership and possession of that lot was in Mrs. Christian, with whose permission they were working; that this ownership and possession had continued for a long term of years; that no exact account of the gold taken has been kept, but it does not exceed 165 dwt. and 8 gr.; and that lot 599 once belonged to the father of defendant, Castleberry, who prospected and mined on it nearly fifty years ago.

Among the various orders passed by the court, preliminary to the trial, was one declaring that it was absolutely necessary that the lines between these lots should be accurately run, surveyed and marked, and ordering that the county surveyor, assisted by Professors B. P. Gaillard and W. S. Wilson (the assistants being agreed on by the parties), proceed to run and mark the line, giving to each party ten days' notice of the time and place of commencing the survey; that an accurate plat of such survey be drawn; and that the surveyors attend court to testify in the case. On the trial, the complainant introduced the persons designated in this order, each of whom testified as to the survey, the manner in which it was made, etc.; that it was correctly made, beginning at a recognized corner between other lots at a considerable distance from the lots in dispute, and run by or very near marked trees with a transit instrument, but without finding marked trees with which to run the line, except possibly one or two suspiciously marked

and not treated by them as marked trees, for a distance of half a mile just before reaching the termination of the line they ran; that they took great care to establish the true line, and to be guided as far as possible by ancient landmarks; that according to their survey, the gold shaft in dispute was on complainant's land and within a few feet of defendants'; that in running the line, they ran into and across a part of a field which was claimed and occupied by the Christians, but that the line fence of this field was not considered. It seems, from the evidence of these surveyors, that if the line of this fence were a straight line, and were to be treated as a proper boundary line, the shaft in dispute would be thrown on the Christians' lot. The parties were notified of this survey (which extended at intervals from December to April), and were generally present or represented. One of the Christians claimed not to have received notice of the latter part of the survey, and to have been absent when the survey of the line in dispute was actually made, though the witness who testified as to this point thought he was there; certainly two or three of the brothers were present, and one carried an axe. The plat made and returned by the surveyors was put in evidence, and is at the close of the record. The complainant also proved several distinct surveys made by county surveyors and others, among them the surveys of Dexter and Childers mentioned in his bill, by which the shaft was thrown on his lot; that they were made at intervals of a considerable number of years; that they ran substantially over the same line as the one run by the county surveyor and the professors; and that when surveys were made by Dexter and one Hall, there were marked trees in existence along or near the line in dispute to guide them. It further appeared from the complainant's testimony that, by measurement, taking the lines as run by the surveyors appointed by the court, in order to make the lines correct complain-

ant's lot would have to be a wide lot, that is, wider than an ordinary 40 acre lot, and both the lots in question were what were known as 40 acre lots; but it was not an uncommon occurrence in that section for some to be large and some small, though they were known as 40 acre lots.

The defendants' witnesses testified as to several surveys, one made forty or fifty years before this trial, and the last, made just before it, by which the shaft was thrown on their lot. These surveys were made, and even up to the time of the trial there were in existence undoubted marked trees, claimed to have been long known and recognized as such, by which the line in dispute was run according to these surveys. These marked trees were not recognized and used by the surveyors appointed by the court. Defendants and those under whom they claim have been in possession and claiming for a great number of years, up to a point which, if recognized as the true point of division between the lots, would throw the shaft several feet within the boundaries of the lot of defendants. The field mentioned was an old one, which had been cleared forty or fifty or more years before; the Christians themselves had occupied it in part and cultivated it for ten or twelve years before the trial. There was some evidence, of an uncertain character, as to what had years before been recognized as the proper boundary line between these lots; and some as to gold having been taken from the shaft by the defendants.

The jury found for the complainant $14.85 as damages, with costs of suit; that the defendants be perpetually enjoined from working or mining on lot 662; and that the line run by the surveyors appointed by the court, be established as the true line between the lots. A decree was entered accordingly. The defendants moved for a new trial on the grounds that the

verdict was contrary to law and evidence. The motion was overruled, and they excepted.

WIER BOYD, M. G. BOYD, H. H. PERRY and J. B. ESTES, for plaintiffs in error.

W. P. PRICE and R. H. BAKER, *contra.*

SIMMONS, Justice.

The only ground taken in the motion for a new trial in this case is that the verdict was contrary to law and to the evidence. There was no exception to the charge of the court, and the presumption is that the court charged fully, fairly and legally upon all the questions made in the case. We have read the testimony in this record, and we think it was sufficient to authorize the jury to find for the complainant in the case. The motion was argued before the trial judge twice, and he refused to grant a new trial. He was satisfied with the finding of the jury, and there was evidence to sustain the verdict. We will not interfere with his judgment in refusing a new trial. See *Brown* v. *Meador & Griffin*, just decided (*post*).          *Judgment affirmed.*