780. AUGUSTA RAILWAY & ELECTRIC CO. *v.* ARTHUR.

1. The verdict rendered in behalf of the plaintiff is not, for lack of any evidence to support it, contrary to law. When the plaintiff showed injury occasioned by the car of the defendant company, the burden of proof was shifted to the defendant, and it became incumbent upon it to show that the plaintiff consented to the injury or could have avoided it by the use of due care, or that the employees of the company exercised all ordinary and reasonable care and diligence; and the verdict of the jury, that the defendant failed to carry successfully this burden, is fully supported by the evidence.

2. The admission of testimony as to experiments must largely rest in the discretion of the trial judge; and the exercise of this discretion will not be controlled, unless manifestly abused. The weight to be attached to such testimony is for the jury, and varies according to the circumstances of similarity which the jury may find to exist between the experiment made or observation taken and the actual occurrence whose facts and features are under investigation. The opinions of witnesses as to speed and distance are admissible in evidence; and computation of time and distance for the purpose of comparison is not objectionable, where it tends to enhance the accuracy and correctness of the opinion submitted.

Action for damages, from city court of Richmond county— Judge Eve. September 18, 1907.

Argued December 18, 1907.—Decided January 29, 1908.

*Boykin Wright, George T. Jackson,* for plaintiff in error.

*William H. Fleming,* contra.

RUSSELL, J.  Mrs. Arthur recovered a verdict for $1,500 against the Augusta Railway & Electric Company, as damages for personal injuries alleged to have been inflicted by the negligence of the defendant in running one of its cars on the streets of Augusta, whereby she was knocked down and her foot was crushed and mangled, rendering its amputation necessary, the injury being permanent. The defendant company moved for a new trial, and here excepts to the judgment refusing its motion. Error is assigned in the bill of exceptions on all of the grounds of the motion for a new trial. These are eight in number, but can well be grouped and considered under two heads.

33

1. The first five grounds are in effect the usual general grounds, that the verdict is contrary to the evidence, contrary to law, without evidence to sustain it, without law to support it, and decidedly and strongly against the weight of the evidence. After a very careful review of the evidence, we fail to see any merit in these grounds of the motion. There is conflict between the testimony in behalf of the plaintiff and that in behalf of the defendant, as to several material issues in the case, but in our opinion it can not even be said that the preponderance of the testimony is in favor of the defendant. It is true that a larger number of wit-nesses testified in favor of the defendant than in behalf of the plaintiff, but the number of the witnesses is not a proper measure for ascertaining the preponderance of testimony. The plaintiff fully established her case by the testimony adduced in her behalf. The acts of negligence alleged are: (1) that the car was being run at an unlawful rate of speed, in excess of the maximum rate allowed by the ordinance; (2) that the motorman negligently failed to ring the bell after plaintiff was in full view of him, and when he could and should have warned her of the approach of said car; (3) that the motorman negligently failed to reverse his car, and thus stop it and prevent the casualty. The fact consti-tuting the third allegation of negligence was proved by the motor-man of the car himself, and the issue upon this is as to whether he saw the plaintiff, and whether the car could more effectually have been stopped by reversing the lever and shutting off the elec-trict current, or by applying the brakes, as he testified he did. Ac-cording to the evidence in behalf of the plaintiff, she had started from her home on Perkins street to visit her daughter, and also to see a young lady about some sewing. When she reached Broad street, she walked along that street for something like 200 feet, and was on the point of crossing over, when a large brewery wagon caused her to stop on the sidewalk until it passed. As it passed she looked to see if a car was approaching, and none was in sight. She then proceeded slowly diagonally across the street, and when she had gone only a little over twenty feet she was suddenly over-taken by a car, which came up on her side, slightly to her rear, and knocked her down, ran over her foot, and caused the injuries alleged in the petition. She had looked, not more than three sec-onds before, for a car from the direction from which the car that

caused her injuries came, and none was in sight; no gong was sounded, nor was any other signal of the approach of the car given. The car went about two lengths after running over her foot, and then backed to where she was. From the testimony in her behalf, as we have stated above, the plaintiff was entitled to a recovery; and the amount of the recovery is not questioned. It is liability for any recovery which is denied.

It is not within our power to declare a verdict contrary to the evidence,—we can only declare a verdict, for lack of any evidence to support it, to be contrary to law. The credibility of the witnesses is a matter wholly for the jury. The trial judge is clothed with the discretion to review the finding of the jury upon the evidence, where the verdict is so manifestly contrary to the great preponderance of the testimony as to fail to meet his approval, or as to be contrary to his conscientious judgment as to the justice of the cause. And the exercise of this discretion will not be controlled, unless abused. But we see no reason in this case why even the trial judge should have disapproved the verdict upon the facts. When the plaintiff proved her injury, and that it was caused by the defendant company, the presumption of negligence arose against the company, which it was required to rebut. The company recognized this in the very clear plea filed in the case: "4. Defendant, further answering, says that plaintiff should not have and maintain her said alleged cause of action, because: (a) The injury complained of was the result of plaintiff's own negligence. (b) The plaintiff, by the exercise of ordinary care and diligence, could have avoided the consequences of defendant's alleged negligence. (c) Defendant and defendant's servant were in the exercise of all ordinary care and diligence at the time and place of the alleged injury. (d) If the said injury was not the result of plaintiff's own negligence, and if plaintiff could not have, by the exercise of ordinary care and diligence, avoided the consequences of defendant's alleged negligence, then the injury was the result of an accident pure and simple, for which the company can not be held responsible." The defendant's defense was threefold. Under paragraph c it attempted to rebut the presumption of negligence. Paragraphs a and b averred that the plaintiff could not recover, on account of her own negligence, and paragraph d pleaded that the injury was the result of an accident. In support

of this defense the defendant introduced testimony that the plaintiff came immediately from behind a beer wagon, where it was impossible for the defendant's servant to see her, and negligently and recklessly stepped on the track, immediately in front of the car, so suddenly that the motorman was powerless to prevent the catastrophe which ensued; and that after her presence was observed the motorman did everything in his power to stop the car, and employed the best known agency for that purpose.

The testimony in behalf of the defendant, while it does not appear to us to be any more definite or positive than that in behalf of the plaintiff, would have defeated any recovery by the plaintiff, if the jury had elected to credit it in preference to the testimony of the plaintiff. In the exercise of their prerogative they did not see proper to believe it. By their verdict they found that the evidence for the defendant was not sufficient to remove the burden cast upon it. We should have disposed of this phase of the case much more summarily, but for the earnest sincerity and marked ability with which it was argued by the learned counsel for the plaintiff in error. We think, however, that the learned counsel lost sight of the fact that the plaintiff's prima facie case— that is, her injury, and that it was caused by the car of the defendant—was uncontradicted, and that thus the burden of proof thereafter was not upon the plaintiff. It was cast upon the defendant, and the jury had the right to require that the defendant remove the presumption of negligence arising by operation of law, by the preponderance of the testimony. The same rule applies to the three allegations of negligence as to which the plaintiff in error complains as to the paucity of the proof. While the plaintiff can only recover on the special grounds of negligence alleged, still, when she has shown the injury and that it was caused by the car of the company, all of the allegations of negligence stand proved until they are rebutted by proof in behalf of the defendant. The plaintiff could recover on one allegation of negligence successfully established, although the proof might be insufficient to show a number of others which are alleged. But under the presumption of negligence and the rule laid down in the *Neely* case, 56 *Ga.* 540, all acts of negligence properly alleged in the petition must be disproved by the defendant after it has been established that the injury was caused by the defendant railroad.

2. The 6th, 7th, and 8th grounds of the motion all complain of alleged errors of the trial judge in the admission of evidence, and will be treated together. The witness Smythe was permitted to testify as to certain experiments made by him as to the speed of a car on the defendant company's track, running on a different day and not *at,* but *near,* the scene of the casualty. This witness also made certain measurements with reference to certain distances and certain calculations to ascertain the hypothenuse of a right-angle triangle, which the plaintiff testified to be approximately the path by which she crossed from the sidewalk to the street-car track. Objection was made to this testimony, upon the ground that it was irrelevant, for several reasons stated in the motion. For obvious reasons, the admission of experimental testimony must largely rest in the discretion of the trial judge; and the exercise of this discretion will not be controlled, unless it is manifestly abused. It is to be borne in mind that the weight to be attached to such testimony, as in the case of expert testimony, is wholly with the jury, and varies greatly, according to the circumstances of different cases. It might appear that the speed of a street-car at a different time and place was irrelevant, and yet, if it appeared, as it does in this case, that both cars were of the same company, operated in the same manner, and traversing a point only about 200 feet from the spot where the accident was alleged to have occurred, evidence as to the exact speed of such a car might aid the jury in at least determining the conflict as to the speed upon the occasion under investigation, especially when the witness testified that, so far as he could judge, the cars which were being compared ran at about the same rate of speed. It is not held to be objectionable to allow a witness to testify to his opinion of the speed of a horse, a train of cars, and various movable objects. The jury can give this opinion just such weight as they think proper, judging it by the circumstances and the opportunities enjoyed by the witness for forming a correct opinion. We should think that the method adopted by the witness in this case was really preferable, and likely to be more correct, than the mere imaginary conception of speed ordinarily presented by the opinion of witnesses. Such testimony might not be relevant as to the testimony of some witnesses, but would be relevant if it were corroborative of the testimony of even one witness. Nor was

the testimony irrelevant because the car was timed at Perkins street; because, according to the testimony of the plaintiff, the jury can only infer that the car came from that direction upon the plaintiff without stopping or slacking speed.

There is no merit in the objection to the admission by the court of evidence as to the number of feet in a mile, or the number of seconds in an hour. This evidence was of probative value in enabling the jury to consider the measurements made, applying it to the testimony as to the speed of the car, to determine the probable weight to be attached to the conflicting statements of the different witnesses as to what transpired immediately previous to the injury to the plaintiff. Logically relevant facts are always admissible. Wigmore on Evidence, §29.

*Judgment affirmed.*