2439. McCLENDON *v.* THE STATE.

RUSSELL, J. 1. The testimony of an expert, as to his opinion as such, is admissible upon any matter, if the opinion given relates to scientific or technical knowledge. The weight of such testimony, and whether its application to the proved facts is illustrative of the particular transaction under investigation, is a question for the jury. There being an issue in this case as to whether the prosecuting witness could see his assailant under a culvert at the time of the assault, as he claimed to have done, and the condition of the culvert, so far as appears from the record, not having been changed up to the time of the trial, it was not error

for the court to permit the witness to testify that he went to the same culvert, at the request of the solicitor-general, and that "the light extended angling under it for a distance of eight steps." It was for the jury to say whether there had been any change in the condition of the culvert, as to whether that change would have affected the result, and, indeed, as to whether they would attach importance to the testimony of the expert upon the subject of the distance to which the light extended, as illustrating the distance to which the light extended at the time of the alleged assault. The witness in question having stated the facts as to the distance of the electric light from the culvert, and the time of the night at which he made his observations, it was likewise for the jury to determine whether, in their opinion, the opinion of the witness was of any value when applied to the testimony as to the nature of the culvert and its surroundings at the time of the assault. The condition of the culvert and the light at the time of the assault would necessarily be controlling, but the opinion evidence might be helpful to the jury if conditions were the same at the time of his observations as they were at the time of the assault.

2. The admission of testimony as to experiments must largely rest in the discretion of the trial judge; and the exercise of this discretion will not be controlled, unless manifestly abused. The weight to be attached to such testimony is for the jury, and varies according to the circumstances of similarity which the jury may find to exist between the experiment made or observation taken and the actual occurrence whose facts and features are under investigation. The opinions of witnesses as to speed and distance are admissible in evidence. *Augusta Railway & Electric Co.* v. *Arthur*, 3 *Ga. App.* 513 (60 S. E. 213).

*Judgment affirmed.*

Indictment for assault with intent to murder; from Bibb superior court—Judge Felton. January 25, 1910.

Submitted March 9,—Decided June 14, 1910.

*W. D. McNeil*, for plaintiff in error.

*Walter J. Grace*, solicitor-general, contra.

