### 30206. McNABB *v.* THE STATE.

DECIDED MARCH 17, 1944.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. R. Parham, Durwood T. Pye,* contra.

MACINTYRE, J. The defendant J. H. McNabb was convicted under an indictment which charged him and one, Sargent, with possessing burglar tools with intent to employ them in committing burglary and larceny; with intent to allow them to be used in the commission of burglary and larceny; and knowing that they were to be used in the commission of burglary and larceny. He made a motion for a new trial, the motion was overruled, and he excepted.

On cross-examination, Sargent, a witness for the State, was asked if he knew Robert Croker. Sargent replied that he did not know Croker. Mrs. Sargent, another witness for the State, while

on cross-examination, also denied knowing Croker. Kilpatrick, a witness for the defendant, testified that he had seen Croker and the Sargents together frequently. Croker was then introduced as a witness for the defendant, and testified, in effect, that he knew the Sargents well; that he had been in their home while a fugitive from prison; that the burglary tools in question had been shown to him by Sargent, who claimed ownership of them; Croker also testified as to the location of the Sargent home and said further; "I know Sargent's whole family; his father, mother, and brother." The defendant's counsel then asked Croker the following question: "Do you know where his father is, or what he is doing?" The State's objection to this question, on the ground of irrelevancy, was sustained. This is the ruling excepted to. No precise and universal test of the relevancy of testimony is furnished by the law. The question must be determined in each case according to the facts of that particular case, and in accordance with the teachings of reason and judicial experience. Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. 11 Cyc. 174; *Walker* v. *Roberts,* 20 *Ga.* 15; *Sample* v. *Lipscomb,* 18 *Ga.* 687. A concrete application of the general tests of relevancy of testimony to the facts of this case will determine whether the judge erred in the admission of the testimony in question.

Croker had already testified at length as to his acquaintance with the Sargents; that he knew "his whole family, his father, mother, and brother." The whereabouts of Sargent's father, or his present employment, under these circumstances, was of no substantial consequence in showing the acquaintance of Croker with Sargent. It was a statement of unnecessary particulars as to why he was acquainted with Sargent, and because of its remoteness and irrelevancy, it should not have been admitted. The judge did not commit reversible error in sustaining the objection.

■ Mrs. Sargent, a witness for the State, on recross-examination, testified, in part, as follows: "It is not true that I tried to get McNabb to put up the money for my husband. Mr. McNabb loaned me $25, and I laundered his curtains to pay him back. Mr. McNabb went with me to Mr. Brandt." Q. "At the time you went to Mr. Brandt with Mr. McNabb, were you married to Sar-

gent ?" A. "No, sir." Q. "You were trying to get him out ?" A. "Yes, sir." Q. "Who were you married to ?" A. "Mr. Horsley." This line of questioning was objected to by the State, and the court sustained the objection. This ruling is excepted to. The witness had previously testified, in part, as follows: "I have lived on Connally Street back of Fort McPherson. I knew there a man named Sargent, whom I later married. He stayed at the house some time. That was while I was married to another husband. His [Sargent's] sister lived there at the time too." This seems to have covered all of the questions and answers, except the name of the person to whom the witness was married at the time she was trying to get her present husband, Sargent, out of jail. "An opportunity for a thorough and sifting cross-examination should be allowed, but the presiding judge may restrain useless and unnecessary repetition of questions." *Alabama Construction Co.* v. *Continental Car and Equipment Co.,* 131 *Ga.* 365 (3) (62 S. E. 160) ; *Sims* v. *State,* 177 *Ga.* 266, 271 (170 S. E. 58). "The trial judge had a discretion to control the right of cross-examination within reasonable bounds and an exercise of this discretion will not be controlled by a reviewing court unless it is abused." *Aycock* v. *State,* 62 *Ga. App.* 812, 815 (10 S. E. 2d, 84). It seems to us that the identity of the person to whom the witness was married, so long as he was not a party to, nor in any way connected with the case as a witness or otherwise, was traveling a little too far afield, and it was not error for the judge to refuse to allow such a question; and even if the judge ruled out the other questions, we still think that where the rule of relevancy was applied to the cross-examination of the witness, the judge did not commit reversible error. *Granison* v. *State,* 49 *Ga. App.* 216, 218 (174 S. E. 636).

■ The general grounds were expressly abandoned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*