## 41683. SHELNUTT v. PHILLIPS.

FRANKUM, Judge. 1. "No precise and universal test of the relevancy of testimony is furnished by the law. The question must be determined in each case according to the facts of that

particular case and in accordance with the teachings of reason and judicial experience. Steph. Dig. Ev. 12; Thayer's Cases on Evidence, 2, 3. One general rule on the subject may be laid down. If the evidence conduces in any reasonable degree to establish the probability of the fact in controversy, it should go to the jury; or, as expressed by Mr. Greenleaf, 'if the evidence tends to prove the issue or constitutes a link in the chain of proof; although, alone, it might not justify a verdict in accordance with it [it should be admitted].' 1 Gr. Ev. (15th Ed.) § 51. In other words, any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. 11 Cyc. 174; *Walker v. Roberts,* 20 Ga. 15; *Sample v. Lipscomb,* 18 Ga. 687." *Alexander v. State,* 7 Ga. App. 88, 89 (66 SE 274). "When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such as the jury ought to be permitted to hear." *Walker v. Roberts,* 20 Ga. 15. "That the testimony objected to falls short of proving the fact sought to be established is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385). As further stated in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643): 'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant.' " *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225). Under the foregoing rules, where the issue presented to the jury was whether or not the defendant had, in accordance with her contentions, paid the plaintiff a particular sum of money in satisfaction of the note sued on, or had paid a lesser sum as contended by the plaintiff, where the defendant testified in support of her contention that she had deposited in her bank accounts all the moneys which she received from the sale of merchandise by her store, and that she had received and deposited no other funds, her copy of her State sales tax return for the month in question, showing total gross sales of a substantially lesser amount than

that shown to have been deposited in her bank accounts, together with copies of ledger sheets showing activity in her bank accounts for the months in question, were relevant evidence which could be considered together as a circumstance tending to refute her contention, and they were, therefore, admissible over the objection made thereto, which was, in substance, that such evidence had no bearing on the issues before the court and shed no light upon any subject matter of the suit. The trial court did not err in admitting the defendant's sales tax return produced pursuant to notice nor in admitting the properly identified bank ledger sheets produced pursuant to subpoena duces tecum.

2. The fifth enumeration of error relates to the refusal of the court to grant defendant's motion that the plaintiff be required to produce certain records which he allegedly had at home at the time of the trial. The plaintiff in this case was, at the time of the trial, an 81-year-old man whose formal education, according to his own testimony, extended through the fourth grade. The plaintiff testified that he kept no records of his financial transactions with the defendant except the note signed by the defendant and the various entries of credit for payments thereon, together with notations thereon as to advances of additional sums signed for by the defendant. However, on cross-examination, the plaintiff, in attempting to answer a question put to him by the defendant's counsel respecting the details of his transactions had with the defendant, appeared to be somewhat hazy and uncertain as to the details of those transactions, and at one point he stated, "If I had my papers at home, I could tell, but I haven't got them." Thereafter, counsel for the defendant sought to invoke a ruling from the court directing the plaintiff to return home and procure the papers about which he had spoken. During further cross and direct examination of the plaintiff, however, it appeared that the plaintiff, in searching about his person, discovered that he in fact had the paper of which he had spoken in his pocket and he produced it in court and exhibited it to the court and to counsel. Thereafter, he testified positively and unequivocally that he had no other papers relating to the indebtedness of the defendant to him, either at home or elsewhere; that he had delivered all other papers to his counsel, who had produced all of the records turned over to them by the plaintiff into court. Under these circumstances the court did not err in overruling the defendant's motion.

3. With respect to alleged error number six it is contended that the court erred in excluding from the evidence a "Recapitulation of Payments" claimed by the defendant to have been made to the plaintiff, it being contended that this paper was an exact recapitulation of the receipts which had been introduced by the defendant without objection. Assuming that this paper had been properly identified so as to be otherwise admissible, it appears that it was no more than a copy of other evidence which had already been admitted without objection. Thus, it was, if evidence at all, merely secondary in nature. *Code* § 38-204. Since the showing requisite to its admission as such (*Code* § 38-212) could not have been made, the paper was not admissible, and the trial court properly excluded it. See *Blackshear Mfg. Co. v. Harrell*, 191 Ga. 433, 436 (12 SE2d 328).

4. The evidence authorized the verdict. The amount of the verdict was within the range of the evidence, and it does not appear that it was the result of prejudice and bias on the part of the jury. While the evidence was in sharp conflict, it was the jury's prerogative to believe those witnesses and that evidence which they deemed most credible, and the jury having resolved the issues in favor of the plaintiff, the trial court did not err in overruling the general grounds of the motion for a new trial nor in overruling the special ground complaining that the verdict was the result of bias and prejudice.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED JANUARY 3, 1966—DECIDED MARCH 16, 1966.

*Eva L. Sloan, Joseph B. Duke,* for appellant.

*Lewis, Rozier & Hitchcock, Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellee.

