## 44106. PATTON v. SMITH.

ARGUED JANUARY 13, 1969—DECIDED MAY 13, 1969.

*Jones, Cork, Miller & Benton, E. Bruce Benton, Ross & Finch, Claude R. Ross,* for appellant.

*Melton, McKenna & House, Andrew W. McKenna, Tully M. Bond, Jr., Buckner F. Melton,* for appellee.

HALL, Judge. 1. The court did not err in admitting the testimony of a witness for the plaintiff as to his ability to see, at night, at distances of 260 feet and 180 feet, a man on the street at the scene of the fatal collision upon which the plaintiff's suit is based. As to evidence of pre-trial experiments, "it is necessarily largely within the discretion of the trial court to determine whether the testimony shows that the experiments were made under such conditions as to fairly illustrate the point in issue. . . The facts need not be exactly or in every particular similar; if they are sufficiently similar to accomplish the purpose of assisting the jury to intelligently consider the issue of fact presented in regard to the special point in controversy the evidence is admissible." *Atlanta & West Point R. Co. v. Hudson,* 2 Ga. App. 352, 354 (58 SE 500); *Miller v. State,* 53 Ga. App. 275 (185 SE 372); *City of Manchester v. Beavers,* 38 Ga. App. 337, 339 (144 SE 11); Green, The Georgia Law of Evidence 186, § 77; 11 Encyclopedia of Georgia Law 299, § 42. The weight and credibility of such evidence are for the jury, "judging it by the circumstances and the opportunities enjoyed by the witness for forming a correct opinion." *Augusta R. & Elec. Co. v. Arthur,* 3 Ga. App. 513, 517 (60 SE 213); *McClendon v. State,* 7 Ga. App. 784, 785 (68 SE 331). The appellate court will not disturb the judgment of the trial court in admit-

ting such testimony unless it appears the judge abused his discretion. *West v. State*, 200 Ga. 566, 571 (37 SE2d 799); *Bell v. State*, 71 Ga. App. 430, 435 (31 SE2d 109). Cf. *Hicks v. State*, 146 Ga. 221, 224 (91 SE 57).

2. The defendant presented a witness who testified that on the night of the collision and at a time very close to it the witness was driving along the same road and in the same direction the defendant had driven. After objection, the witness testified out of the presence of the jury that she saw the figure of a man on the road whom she could not identify; she first saw him at a distance of one or two car lengths in front of her. The trial court ruled that the witness would be permitted "to testify as to the conditions of weather, conditions of visibility, or any other conditions that she might have seen on this night in question," but "as to a man being on the road that she could not identify—that part of her testimony is limited and she cannot testify about that. I think it has no probative value in this case since she cannot identify who the man would be, and that it would not be admissible."

While there is scant authority on the point in this jurisdiction, it is recognized that the trial court in some circumstances may have discretion to exclude relevant evidence. However, "the Georgia rule favors admissibility. If the relevancy of the offered evidence is in doubt, it should be admitted and sent to the jury under proper instructions." This is true no matter how slight the probative value, and even though it is prejudicial to the opposing party. 11 Encyclopedia of Georgia Law 284, 285, §§ 27, 28. See *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871, 874 (52 SE2d 485); *Underwood v. Atlanta & West Point R. Co.*, 105 Ga. App. 340, 351 (124 SE2d 758). The excluded evidence was on the same point as the experimental evidence discussed in Division 1, supra—the distance at which a man could be seen at night at the place of the collision. It was relevant to a vital issue, whether the defendant exercised ordinary care. It cannot be said that the conditions in which this witness made her observations were less similar to the conditions in which the defendant approached the scene, than the conditions at the time the experiment was made by the witness who testified. Since

the observations of the two witnesses under apparently similar conditions were not the same, it became particularly important that the offered testimony be admitted and the jury be permitted to determine the credibility of each witness. See *Bland v. State*, 210 Ga. 100 (78 SE2d 51). In view of the issue to which the offered testimony related and the other evidence admitted on this point, the fact that the witness did not or could not identify the man she saw could not affect the admissibility of the testimony. The trial court erred in excluding the testimony.

3. The defendant excepted to the charge on the ground of failure to charge the emergency doctrine and the refusal to charge his request No. 7, which purported to embody the emergency doctrine. The testimony of the witnesses at least created an issue of fact whether an emergency sufficient to impair normal judgment existed at the time of the collision. If the evidence also presented questions as to whether the defendant brought about an emergency by his own conduct, in which case the emergency doctrine would not apply favorably to him, these questions as well as the existence of an emergency, which would affect the evaluation of the defendant's conduct, were for the jury to determine. *Ware v. Alston*, 112 Ga. App. 627, 630 (145 SE2d 721); *Lanier v. Krzywicki*, 118 Ga. App. 54 (162 SE2d 839); *Whisnant v. Whisnant*, 116 Ga. App. 598, 602 (158 SE2d 693); *Morrow v. Southeastern Stages, Inc.*, 68 Ga. App. 142, 147 (22 SE2d 336). Assuming that the request to charge was imperfect (cf. *Munday v. Brissette*, 113 Ga. App. 147, 159 (148 SE2d 55)), a charge on the subject of emergency was needed to guide the jury in evaluating the defendant's conduct, and the court erred in not including the law on this subject in its charge.

4. The enumeration of error on the exclusion from evidence of radio log sheets of the city police department is without merit. *Calhoun v. Chappell*, 117 Ga. App. 865 (162 SE2d 300).

*Judgment is reversed for the reasons stated in Divisions 2 and 3. Jordan, P. J., and Whitman, J., concur.*