## 52559. CITIZENS & SOUTHERN NATIONAL BANK et al. v. HODNETT.

QUILLIAN, Judge.

This is an appeal from a directed verdict for the plaintiff in an action to establish an alleged lost deed given to plaintiff by her deceased husband. *Held:*

1. James R. Venable, plaintiff's attorney of record in this action, testified on behalf of his client that he drew the original of the lost deed, observed Mr. Hodnett execute it and deliver it to Mrs. Hodnett, in his presence. Defendant contends that Mr. Venable was "incompetent to testify about any transactions with the decedent because he is 'a person interested in the result of the suit' within the meaning of Ga. Code § 38-1603 (4)."

Code § 38-1603 (4) as amended (Ga. L. 1953, Nov. Sess., pp. 319, 320), provides: "Where a person not a party, but a person interested in the result of the suit, shall be offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent." In order for a person to be one "interested in the result of the suit" within the meaning of Code § 38-1603 (4), "such interest must not be one of mere personal bias or near relationship, but based on some pecuniary value." *Lankford v. Holton,* 187 Ga. 94, 95 (8b) (200 SE 243); *Fortner v. McCorkle,* 78 Ga. App. 76, 78 (50 SE2d 250).

Defendant contends that Mr. Venable's fee is "contingent upon his client's success in establishing the lost deed" and that "an attorney retained on a contingency basis would clearly be incompetent to testify in his client's favor as to transactions with the decedent if the decedent's representative is the opposing party to the suit." This assessment of the facts is not supported by the transcript. Mr. Venable testified that he had not yet fixed a fee for his services and that he "never set a bill" before the trial, but always told his clients what his fee was when the case was finished. This type of fee arrangement is not a contingent fee. See 7 CJS 1062, Attorney and Client, § 186.

An attorney who has no express contract with his client "as to what fees will be charged, but expects to look

to the client for reasonable compensation, is not interested in the case so as to disqualify him from testifying as a witness for the plaintiff." *Jackson v. Bennett,* 98 Ga. 106 (2) (26 SE 53). The instant case comes within this rule.

The competency of a witness shall be decided by the court (Code § 38-1601), and "a broad discretion in such matters is vested in the judge" including those in which an attorney of one of the parties takes the stand as a witness. *Hobbs v. Houston,* 195 Ga. 571, 583 (8) (24 SE2d 884). Although an attorney is generally competent to testify as to matters affecting his client, the practice of counsel testifying is of doubtful propriety and he should ordinarily withdraw before becoming a witness. See generally 97 CJS 465, Witnesses, § 71; Rule 3-119, State Bar of Georgia; Ethical Considerations 5-9 and 5-10, and Disciplinary Rules 5-101 and 5-102. American Bar Association Code of Professional Responsibility; 81 AmJur2d 136, Witnesses, § 98. In the present case we find no abuse of judicial discretion in permitting plaintiff's counsel to testify on behalf of his client.

2. On cross examination of Mr. Venable it was brought out that the plaintiff had the option of taking year's support or taking under the will. Mr. Venable testified that he had filed an application for year's support in the amount of $100,000, but after "studying the will closely [he] decided not to prosecute it." Defendant offered in evidence the testimony of a certified public accountant on the value of the decedent's estate — with and without the land conveyed by the alleged lost deed, and with and without the gift tax paid on the property covered by the alleged lost deed. The court refused to permit any evidence as to the value of the estate. With the realty conveyed by the lost deed included in the estate, its value was $719,623.39, the value of the land covered by the lost deed being $530,000, with the remainder of the estate valued at approximately $190,000.

Without the gift tax being paid on the land conveyed by the lost deed, and the land being included in the estate, if plaintiff had taken under the will she would have received approximately $143,900 as opposed to $100,000 year's support if she had elected not to take under the will.

If the estate had not included the realty covered by the lost deed and plaintiff had elected to take under the will, her one-fifth share of the estate could have been as much as $31,900 or as little as $7,300, depending on how Internal Revenue Service treated the gift of land for taxation purposes.

It is the contention of the defendant that such evidence was relevant and admissible on the basis that if plaintiff had been conveyed the land under the lost deed she would have taken the $100,000 year's support that the appraisers had approved for distribution to her. This would have given her a total of $630,000 from the estate. However, she refused the $100,000 year's support and elected to take under the will which would give her between $7,300 and $31,900 if the land she contends was conveyed to her was not included within the estate.

Defendant argues that it is human nature for a person who had been conveyed land worth $530,000, to take $100,000 year's support for a total of $630,000 rather than settle for $7,300 or $31,900. However, if the land allegedly conveyed by the lost deed was included in the estate, it would be to her advantage to turn down $100,000 year's support to take under the will to receive $143,900. She refused to take the $100,000 year's support and elected to take under the will. Accordingly, defendant contends this evidence, although circumstantial, is relevant and should have been admitted to frame the issue for the jury. We agree.

Evidence, to be admissible, must be relevant. Code § 38-201. Evidence is relevant "which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue. . ." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). Although the evidence tendered here was circumstantial in nature, facts may be proved or disproved by circumstantial evidence as well as direct evidence. *Peninsular Life Ins. Co. v. Brand,* 57 Ga. App. 526 (196 SE 264). Where the relevancy of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Cravey v. J. S. Gainer &c. Co.,* 128 Ga. App. 465 (4) (197 SE2d

171). Under the circumstances of this case, where the grantor is deceased, the secretary who is alleged to have drawn up the original deed is deceased, the deed is missing, the deed was never recorded, the only witnesses as to the deed's existence were the plaintiff, the plaintiff's attorney and his daughter, and the only method available for defendant to attack plaintiff's assertions was by circumstantial evidence, the exclusion of such evidence was prejudicial to defendant. A new trial is required.

3. The remaining enumerations are either mooted by the above holding, are without merit, or are unlikely to recur at a new trial.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 13, 1976.

*C. F. Brackett, Dean Booth, J. Stanley Hawkins,* for appellants.

*James R. Venable, Lawrence C. Chrietzberg,* for appellee.