### 53978, 53979. COX v. K-MART ENTERPRISES OF GEORGIA, INC. et al. (two cases).

MARSHALL, Judge.

The appellants, Mr. and Mrs. Cox, bring their appeals from a jury verdict in favor of the defendant below, appellee K-Mart Enterprises of Georgia, Inc.

The facts disclose that Mrs. Cox, along with her husband, went to a K-Mart store to make a purchase. After completing their business, the Coxes were in the process of leaving the store. While controverted, there was evidence that, as Mrs. Cox was pushing a shopping cart down an aisle in the store, an electric cord attached to a

heavy industrial vacuum cleaner (weighing some 18 pounds) became entangled in the cart, and the vacuum cleaner was pulled or fell onto the head of Mrs. Cox, temporarily stunning her and causing nausea. Later, Mrs. Cox experienced injuries similar to a whip-lash. Suit was filed against K-Mart, and, upon completion of evidence by Mr. and Mrs. Cox and witnesses called by them, the trial judge directed the jury to return a verdict for the defendant, K-Mart. Upon appeal to this court, that judgment was reversed, in that this court found on the basis of the evidence submitted (i.e., no evidence offered by K-Mart) that the doctrine of res ipsa loquitur was an issue and that the directed jury verdict in favor of the defendant was improper. *Cox v. K-Mart Enterprises of Ga.*, 136 Ga. App. 453 (221 SE2d 661) (1975).

Upon retrial of the issues before another jury, the jury returned a verdict in favor of K-Mart and against Mrs. Cox, but returned a $20,000 verdict in favor of Mr. Cox against K-Mart. The trial judge then granted a new trial to Mrs. Cox and K-Mart. Upon the third trial, the jury returned a verdict in favor of K-Mart against both Mr. and Mrs. Cox. These appeals emanate from that third trial. While the trials were separate, the issues are sufficiently similar that we can treat the cases as one. Together, Mr. and Mrs. Cox raise some seven enumerations of error. Five of these enumerations deal with the admission of evidence, one deals with the grant of new trial to K-Mart, and one alleges that the verdicts and judgments are contrary to the evidence and law. *Held:*

1. The enumerations dealing with evidentiary matters are varied.

(a) In the first, Mrs. Cox argues that it was error for the trial judge to allow interrogatories and answers thereto to be read to the jury. During the last trial, one of the witnesses for K-Mart testified that Mrs. Cox had stated to the witness that an electric cord had gotten tangled in the cart and pulled the vacuum cleaner down upon her head. Plaintiffs' counsel attempted to show that he was surprised by the testimony and that the witness had not testified in such a manner before. Counsel for K-Mart offered the interrogatories and answers dealing with the defenses of K-Mart to show for the limited

purpose that K-Mart from the very first had alleged that Mrs. Cox admitted tangling the electric cord in the cart. The evidence was offered for that limited purpose and not for the truth thereof, and was so admitted by the court. At most, the evidence was cumulative, inasmuch as the same testimony was offered by the witness under oath.

(b) Both Mr. and Mrs. Cox objected to the admission of photographs which depicted the aisle and shelving in the K-Mart store where the accident occurred. The employee who worked in the section and had to stock the shelves and keep them neat and clean, testified that the pictures accurately reflected the shelves as they were on the date of the accident. This was accomplished by having two pictures identified by the witness which accurately depicted the display and shelving as of the date of the accident. Thereafter, the remainder of the pictures were shown to be identical in content, as to the display, to the first two.

(c) Both Mr. and Mrs. Cox objected to allowing the photographer to testify as to the pictures taken by him. However, as indicated above, the photographer simply identified the pictures and the contents thereof. The relevancy of the pictures had already been established by the employee who was present shortly after the accident occurred, and who worked in the section.

(d) Lastly, Mr. and Mrs. Cox objected to the trial judge's allowing a witness to testify as to certain experiments conducted by the witness at the scene of the accident. The contention of Mrs. Cox was that the vacuum cleaner fell upon her head while she was pushing a cart about three feet from the shelves. The purpose of the experiments was to show that, had the vacuum cleaner simply fallen without being pulled, it would have fallen harmlessly between Mrs. Cox and the shelving. The objection was based upon a lack of showing that the circumstances were the same at the time of the accident and at the time of the experiment.

The object of all legal investigations is the discovery of truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest sources. Code § 38-101. Questions of relevancy of evidence are for the court, and no precise and universal

test of admissibility has been established. *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756) (1976). However, when the relevancy of evidence is in doubt, the Georgia rule favors its admission and submission to the jury with any needed instructions. *Patton v. Smith,* 119 Ga. App. 664 (1, 2) (168 SE2d 627) (1969). Because questions of relevance of evidence are for the court (*Hotchkiss v. Newton,* 10 Ga. 560 (1851)), when facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issues, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1) (1856); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860) (1937). That the testimony objected to falls short of proving the fact sought to be established is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385) (1942). As was further stated in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643) (1944): "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." See *Harris v. State,* 142 Ga. App. 37, 41 (7) (234 SE2d 798) (1977); *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225) (1951). Within contemplation of these principles of law, the interrogatories, the pictures and the experiments were relevant to the issues and had material benefit for the jury. The trial court did not err in admitting the evidence. These enumerations are without merit.

2. Mr. Cox argues in an enumeration that it was error to grant a new trial to K-Mart. He asserts that, inasmuch as this case had already been appealed to this court, reversed, and a second trial held, the grant of the new trial by the trial judge was not a first grant. We do not agree. While there was indeed a new trial authorized by this court, it was based upon a record that contained no evidence by K-Mart. The second trial was vigorously contested with both parties offering evidence. A verdict was taken against Mrs. Cox, who suffered the injuries, yet

similar evidence resulted in a verdict for damages in favor of Mr. Cox, who was only vicariously injured. There was sufficient question as to the consistency of these verdicts that a new trial as to both Mrs. Cox and K-Mart was authorized. This was indeed the first time that the *trial judge* had granted a new trial. We adhere to the rule that this court will not disturb on appeal the first grant of a new trial in the absence of an erroneous application of legal principles in the grant. We find no error in the grant in this case. Code § 6-1608; *Rasmussen v. Martin,* 236 Ga. 267, 270 (223 SE2d 663) (1976); *Long v. Walls,* 226 Ga. 737 (177 SE2d 373) (1970). This enumeration is without merit.

3. In their final enumeration of error, the Coxes maintain that the verdict and judgment in each case are contrary to the law and the evidence. Again, we disagree. As we view it, the evidence in this case would authorize the jury to find that Mrs. Cox was proceeding down the aisle of the K-Mart store oblivious to potential dangers. There was evidence that would authorize the jury to find that an employee of the store had made certain that the merchandise was stored in its proper place earlier in the day; that some agency unknown to the store had moved the merchandise to an unsafe place, but that such information was not brought to the attention of the store nor was there any evidence that the store should have known of the unsafe condition. This is not to say that the appellee was relieved of the necessity of knowing the condition of its premises, only that no evidence was offered to show knowledge of the unsafe condition. Here, then, the evidence did not establish the actual knowledge of the alleged dangerous or unsafe condition. There was no evidence to indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defect, such as that other people had been injured under similar circumstances or in the same area. Ordinary diligence did not, as a matter of law, require an additional inspection where appellee had no reason to believe such an inspection was necessary. *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 337 (15 SE2d 797) (1941). In the absence of any evidence that the defect existed at some time in the past, the appellants failed to carry the

burden of proof and neither was entitled to recover. *Professional Bldg., Inc. v. Reagen,* 129 Ga. App. 183 (199 SE2d 266) (1974). See *Hughes v. Winn-Dixie Stores,* 142 Ga. App. 110 (1) (1977).

On appeal, the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is any evidence to support the verdict it must be affirmed. *Searcy v. State,* 236 Ga. 789, 790 (225 SE2d 311) (1976); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 661 (100 SE2d 902) (1957); *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181) (1957). The evidence supports the verdicts in these cases.

*Judgments affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JUNE 6, 1977 — DECIDED JULY 5, 1977 — REHEARING DENIED JULY 21, 1977 — 

*Jack Dorsey,* for appellant.
*Phillips, Hart & Mozley, George W. Hart,* for appellees.