### 57897. HARRIS v. McCLAIN.

UNDERWOOD, Judge.

This appeal concerns evidentiary rulings in a jury trial involving a disputed property line. The appellant, Harris, filed an action against an adjacent property owner, McClain, and the ensuing jury trial resulted in a verdict for the defendant.

A witness, Morris, called by the plaintiff testified that he owned the property immediately south of the Harris property; that he had owned such property for 30 years. The disputed boundary between the Harris and McClain parcels was parallel to the boundary between the Harris and Morris parcels, and it was Harris' contention that Morris' testimony about the parallel but undisputed boundary, i.e., how it was marked, where it was located in relation to a fence, and how it was originally established upon Morris' acquisition, would help to establish his case concerning the proper location of the disputed boundary. The trial court, upon objection by the defendant, ruled that such testimony was irrelevant and immaterial and did not admit Morris' testimony about lines or markers not in dispute. A careful review of the trial transcript leads us to the conclusion that in the circumstances present here, the exclusion of the proffered testimony concerning the parallel boundary as irrelevant was an incorrect evidentiary ruling and was harmful error. This conclusion is buttressed by the fact that certain witnesses for the defendant were allowed to testify, over objection, concerning reference corners, monuments and boundaries that were not in dispute.

This court has defined relevant evidence as evidence "which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *McNabb v. State,* 70 Ga. App. 798 (29 SE2d 643) (1944); *MacNerland v. Johnson,* 137 Ga. App. 541 (224 SE2d 431) (1976). We

have also held that where the relevancy of the evidence is in doubt, no matter how slight the probative value, it should be admitted to the jury given proper instructions. *Cox v. K-Mart Enterprises of Ga.*, 143 Ga. App. 30 (237 SE2d 432) (1977); *Patton v. Smith*, 119 Ga. App. 664 (168 SE2d 627) (1969). The evidence the plaintiff attempted to present was circumstantial evidence because it did not prove the ultimate fact, but rather an inference from which the ultimate or main fact could be drawn. *Scott v. State*, 57 Ga. App. 489 (3) (195 SE 923) (1938). The facts of a case may be proved or disproved by circumstantial evidence as well as direct evidence. *C. & S. Nat. Bank v. Hodnett*, 139 Ga. App. 839 (229 SE2d 792) (1976).

There appear to be no cases directly on point pertaining to the admissibility of a parallel line to establish the line in dispute. Georgia courts have allowed a party to establish a boundary by a survey which commenced at a point several lots away from the one in dispute, *Christian v. Wahl*, 83 Ga. 395 (10 SE 220) (1889), and have also allowed the admissibility of evidence which showed how other property owners treated the same line, but south of the section of the line in dispute. *Ivey v. Cowart*, 124 Ga. 159 (52 SE 436) (1905). Following this reasoning, a line parallel to the line in question is relevant to show the angle of the disputed line. The weight and sufficiency of this evidence is a proper question for the jury. *Georgia Savings Bank &c. Co. v. Marshall*, 207 Ga. 314 (61 SE2d 469) (1950); Green, The Ga. Law of Evidence 154, Relevancy, § 61.

The relevance of evidence concerning property boundaries, monuments, markers or reference lines not themselves in dispute but lying in proximity to the disputed line, must be determined by the facts in each particular case. In this case certain witnesses for the defendant were permitted to testify as to a boundary, markers and a corner other than those in dispute, and we find that a consistent standard of relevance would have resulted in the admission of the Morris testimony which Harris sought to present to the jury. Compare *Gilbert v. Cherry*, 57 Ga. 128 (1876).

*Judgment reversed and case remanded for new trial. McMurray, P. J., and Banke, J., concur.*

Submitted May 3, 1979 — Decided November 21, 1979.

*Thomas C. Sanders,* for appellant.
*W. A. Foster, III, James R. Osborne,* for appellee.